IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STACEY E. BALLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 2:22-cv-105-WKW-JTA |
| v. | ) | |
| | ) | |
| CENTRAL ALABAMA DRUG | ) | |
| TASK FORCE, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE AND ORDER

Before the court is the Complaint (Doc. No. 1) filed by *pro se* Plaintiff Stacey E. Ballard, who is proceeding *in forma pauperis*. (Doc. No. 6.) The court is obligated to review the complaint pursuant to 28 U.S.C. § 1915(e). For the reasons stated below, pursuant to § 1915(e)(2)(B)(ii) and (iii), the undersigned recommends that the Complaint be dismissed without prejudice for failure to state a claim upon which relief can be granted and because the Complaint seeks relief from a defendant who is immune from such relief.

## I.   STANDARD OF REVIEW

When a litigant is allowed to proceed *in forma pauperis* in this court, the court will screen the litigant's complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) requires a district court to dismiss the complaint of a party proceeding *in forma pauperis* whenever the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks

1

monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The standard that governs a dismissal under Federal Rule of Civil Procedure 12(b)(6) also applies to dismissal for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). In applying this standard, the complaint of a *pro se* plaintiff must be liberally construed. *Douglas*, 535 F.3d at 1320. Nevertheless, the factual allegations in the complaint must state a plausible claim for relief, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (applying *Twombly* to a *pro se* complaint). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 662, 678. *See also Twombly*, 550 U.S. at 555 (holding that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

"[S]ection 1915, unlike Rule 12(b)(6) [of the Federal Rules of Civil Procedure], 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Bilal*

*v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *Dailey v. Correct X Pharmacy*, No. 422CV00139CDLMSH, 2022 WL 17730877, at *1 (M.D. Ga. Dec. 16, 2022) ("The Court may dismiss" as frivolous "claims that are based on 'indisputably meritless legal' theories and 'claims whose factual contentions are clearly baseless.'" (quoting *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)). A claim is subject to dismissal as frivolous if it "lacks an arguable basis either in law or in fact." *Miller*, 541 F.3d at 1100 (quoting *Neitzke*, 490 U.S. at 327); *Tucker v. Trump*, No. 1:17-CV-291-MW-GRJ, 2017 WL 8681936, at *1 (N.D. Fla. Dec. 11, 2017), *report and recommendation adopted*, No. 1:17CV291-MW/GRJ, 2018 WL 1542389 (N.D. Fla. Mar. 29, 2018). A complaint lacks a basis in law, for example, where the plaintiff "seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations, *res judicata*, collateral estoppel, or absolute immunity." *Tucker*, 2017 WL 8681936, at *1 (citing *Neitzke*, 490 U.S. at 327 and *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)).

The term "frivolous" as used in § 1915(e)(2)(B)(i) "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them," such as when the claim is founded on "allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Before dismissal of the complaint pursuant to § 1915(e), "[a] plaintiff ordinarily should get one opportunity to amend his complaint before dismissal with prejudice." *Emrit*

*v. Sec'y, U.S. Dep't of Ed.*, 829 F. App'x 474, 477 (11th Cir. 2020) (citing *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005)). However, if the complaint is frivolous or the amended complaint would otherwise be subject to dismissal, an opportunity to amend is not required. *Id.*; *see also Nezbeda v. Liberty Mut. Ins. Corp.*, 789 F. App'x 180, 183 (11th Cir. 2019) ("The district court may dismiss a plaintiff's claims *sua sponte*— without requiring or permitting the plaintiff to amend—if it concludes that the claims are frivolous." (citing *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (citing in turn § 1915(e)(2)(B)(i)))); *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a *pro se* litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile." (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007))).

　　Liberal construction is afforded to *pro se* pleadings because they are not drafted by lawyers. *See Erickson*, 551 U.S. at 94 ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *Hughes*, 350 F.3d at 1160 (11th Cir. ("'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998))). However, the leniency afforded the construction of *pro se* pleadings is not license for the court "'to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading . . . to sustain a cause of action." *Nails v. AmeriCredit*, No. CIV.A. 2:10CV826, 2011 WL 310254, at *1 (M.D. Ala. Jan. 6, 2011), *report and recommendation adopted*, No. 2:10CV826-MHT, 2011 WL 304790 (M.D. Ala.

Jan. 28, 2011) (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds* by *Iqbal*, 556 U.S. 662). "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

## II.    DISCUSSION

Plaintiff's Complaint against Defendant Central Alabama Drug Task Force contains mere conclusory allegations that Defendant compromised Plaintiff's privacy and personal information and that over the past two years Defendant harassed, threatened, and created an atmosphere in which Plaintiff cannot earn a livelihood due to the constant harassment. (Doc. No. 1 at 1.) The Complaint also mentions Plaintiff was injured in a car accident caused by Defendant's "harassment with drones and with people stalking [him]." (*Id.*) For relief, Plaintiff seeks "to be compensated for mental anguish, injuries received from an accident caused by the harassment from drones and people stalking [him] online and tracking [him] for over 2 years." (*Id*. at 2.) Although, Plaintiff's Complaint contains several mere conclusory allegations, it lacks any factual specifics as to how, when and where any of the alleged events or injuries took place.[1]

---

[1] Plaintiff submitted a letter on or around July 11, 2022, to the court. (Doc. No. 7.) However, that correspondence sheds little to no light on the basis of his potential legal claims.

Furthermore, as explained below, Defendant is an agency or instrumentality of the State for purposes of Eleventh Amendment immunity. As also explained below, Defendant is not a legal entity subject to suit or liability under 42 U.S.C. § 1983.

A.      Plaintiff's Complaint Fails to Comply with Rule 8 of the Federal Rules of Civil Procedure

Among other things, Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's Complaint lacks any factual specifics as to what Defendant allegedly did to invade his privacy or what Defendant did specifically to harass and threaten his life, or where or when; nor does he provide any indication that his injuries were proximately caused by any action of Defendant that would give rise to a cognizable legal claim. Although Plaintiff requests in his Complaint that he be compensated for mental anguish, injuries, and harassment, he does not provide "a short and plain statement of the grounds for the court's jurisdiction" or "a demand for the relief sought." Fed. R. Civ. P. 8(1), (3).

Therefore, the Complaint is due to be dismissed without prejudice pursuant to Rule 8 of the Federal Rules of Civil Procedure, *Twombly*, *Iqbal*, and § 1915(e)(2)(B)(i)-(ii). *See Iqbal*, 556 U.S. 662, 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 555 (holding that, though the factual allegations need not be overly detailed, they "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)").

B.     Defendant Has Eleventh Amendment Immunity from Plaintiff's Claims

The Eleventh Amendment to the United States Constitution provides:

The Judicial power of the United States shall not be construed to extend to
any suit in law or equity, commenced or prosecuted against one of the United
States by Citizens of another State, or by Citizens or Subjects of any Foreign
State.

U.S. Const. amend. XI. "[I]n the absence of consent a suit in which the State or one of its
agencies or departments is named as the defendant is proscribed by the Eleventh
Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, (1984); *see
also Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) ("It is . . . well-settled that
Eleventh Amendment immunity bars suits brought in federal court when the State itself is
sued and when an 'arm of the State' is sued."). Defendant is an agency or instrumentality
of the State for purposes of Eleventh Amendment immunity. *See Garret v. Talladega Cnty.
Drug & Violent Crime Task Force*, 983 F. Supp. 2d 1369, 1376 (N.D. Ala. 2013).

In accordance with the provisions of the Eleventh Amendment, Plaintiff's
Complaint against Defendant fails to state a claim upon which relief can be granted and is
due to be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii). *See Tucker*, 2017
WL 8681936, at *1 (noting that a complaint lacks a basis in law if "there is an affirmative
defense which would defeat the claim, such as the statute of limitations, *res judicata*,
collateral estoppel, or absolute immunity"). The Complaint is also due to be dismissed
under §1915(e)(2)(B)(iii), which provides for dismissal of *in forma pauperis* claims that
"seek[] monetary relief against a defendant who is immune from such relief."

C.     Defendant is Not a Legal Entity Subject to Suit Under Section 1983.

Plaintiff's Section 1983 "claims are also due to be dismissed because [Defendant] is not a legal entity subject to suit under 42 U.S.C. § 1983." *Garrett*, 983 F. Supp. 2d at 1378. As an agency of the Elmore County Sheriff's Office, Defendant "'is not a legal entity that is subject to being sued' under 42 U.S.C. § 1983." *Garrett*, 983 F. Supp. 2d at 1378 (quoting *Russell v. Mobile County, Sheriff,* 2000 WL 1848470 at *3 (S.D. Ala. Nov. 20, 2000)). Because Defendant is not a legal entity subject to suit or liability under 42 U.S.C. § 1983, Plaintiff's claims against Defendant are subject to dismissal without prejudice under § 1915(e)(2)(B)(ii), which provides for dismissal of when a complaint fails to state a claim upon which relief can be granted. *See Tucker*, 2017 WL 8681936, at *1 (noting that a complaint lacks a basis where the plaintiff "seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim").

D.     Plaintiff is Not Entitled to An Opportunity to Amend

Dismissal without further opportunity to amend is appropriate here because Plaintiff has already been provided an opportunity to amend and because the dismissal is without prejudice. *See Emrit*, 829 F. App'x at 477 (noting that "[a] plaintiff ordinarily should get *one* opportunity to amend his complaint before dismissal *with prejudice*" (emphasis added)).

Plaintiff did not comply with the undersigned's June 5, 2023 Order to amend the Complaint to rectify the same deficiencies that are addressed in this Recommendation.[2]

---

[2] In the Order to Amend, the undersigned allowed Plaintiff until June 20, 2023 to amend the Complaint and specifically warned Plaintiff:

(Doc. No. 11.) Rather, the Order to amend was returned to the court with the notation "Return to Sender; Attempted-Not Known; Unable to Forward; Does Not Live Here." (*See* Docket Sheet.) Plaintiff knows to keep his address updated with the court and has done so on two previous occasions. (Docs. No. 9, 10.) However, the undersigned will order Plaintiff to update his address within the time allowed for objecting to this Recommendation.

### III.   CONCLUSION

Accordingly, it is ORDERED that, **on or before July 24, 2023**, Plaintiff shall file a notice updating his address with the court.

Further, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that the Complaint and this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(ii)-(iii) on grounds that the Complaint fails to state a claim upon which relief can be granted and on grounds that the Complaint seeks relief from a defendant who is immune from such relief.

Further, it is ORDERED that Plaintiff shall file any objections to this Recommendation on or before **July 24, 2023**.  Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made;

---

*Plaintiff is advised that failure to file an amended complaint in accordance with this Order may constitute grounds for dismissal for failure to prosecute this case and for failure to comply with the court's orders. Plaintiff is further advised that the court is required to undertake a review of Plaintiff's amended complaint pursuant to the provisions of 28 U.S.C. § 1915(e).*

(Doc. No. 11 at 9 (emphasis in original).) Because the Complaint is due to be dismissed pursuant to § 1915(e), there is no need at this time to address whether Plaintiff's Complaint is also due to be dismissed for failure to prosecute and failure to comply with the court's orders.

frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 7th day of July, 2023.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE